**NOT FOR PUBLICATION**                                                              **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NATIVIDAD CORNELIO,                          :
                                             :
       Plaintiff,                        :         Civil Action No. 06-2674 (JAP)
                                             :
  v.                                         :         **OPINION**
                                             :
COUPON SERVICE CORP.,                        :
DIRECT GROUP LOCAL 2179                      :
UAW,                                         :
                                             :
       Defendants.                       :
                                             :

APPEARANCES:

Natividad Cornelio
263 Central Avenue #179
Jersey City, NJ 07307
    *Pro Se Plaintiff*

Ian D. Melinsky
James Douglas Young
Fox Rothschild LLP
997 Lenox Drive
Building 3
Lawrenceville, NJ 08648
    *Attorneys for Defendant Coupon Service Corporation*

Joseph T. Cleary
Jeremy E. Meyer
Cleary & Josem, LLP
1650 Market Street
Philadelphia, PA 19103
    *Attorneys for Defendant Local 2179 UAW*

PISANO, District Judge.

Currently before the Court is Defendants' unopposed motion for summary judgment on Plaintiff Natividad Cornelio ("Cornelio" or "Plaintiff")'s claims that Defendants failed to provide her with severance pay and other benefits to which she believes she is entitled as a result of the closing of Defendant Coupon Service Corporation ("CSC")'s Jersey City, New Jersey facility and the corresponding termination of her employment with CSC.  For the reasons stated below, the Court grants summary judgment on all claims in favor of Defendants.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant CSC was an employer engaged in the direct mail fulfillment business in Jersey City, New Jersey.  Defendant Local 2179 UAW ("Local 2179") was the collective bargaining representative for a group of CSC's employees, including Cornelio.  A Master Collective Bargaining Agreement ("Master CBA") and a Labor Agreement, comprised of several extensions to the Master CBA, governed the relationship between CSC and Local 2179.  On or about March 21, 2005, CSC notified Local 2179 and its bargaining unit employees that it intended to close its Jersey City, New Jersey facility effective May 21, 2005.  In March and April 2005, Local 2179 filed various grievances pursuant to the Labor Agreement's grievance and arbitration procedure concerning severance benefits due to employees.  Also, in April 2005, Local 2179 filed a series of unfair labor practice charges with the National Labor Relations Board alleging various violations of the National Labor Relations Act, 29 U.S.C. § 151 *et seq*.  Ultimately, CSC and Local 2179 reached a Settlement Agreement on all outstanding issues concerning the closing of the Jersey City facility and Local 2179 agreed to withdraw all pending unfair labor practice charges and grievances.

The parties' Settlement Agreement required CSC to make certain payments—including severance and vacation pay—to the laid-off bargaining unit employees. Pursuant to the terms of the Settlement Agreement, Cornelio was entitled to thirteen weeks of severance pay at $457.37 per week, three additional weeks of settlement severance payments at $457.37 per week, and $365.89 in vacation pay. Cornelio received those amounts, but contends that she is entitled to additional payments. On May 5, 2006, Plaintiff filed a *pro se* complaint in the Special Civil Part of Hudson County. CSC removed the matter to federal court and filed its answer on June 28, 2006. Local 2179 filed its an answer on the following day. On October 30, 2006, Defendants filed the instant motion for summary judgment. To date, Cornelio has not responded to Defendants' motion.

## II.   DISCUSSION

### A. Standard of Review under Federal Rule of Civil Procedure 56(c)

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine

issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B.  Analysis

Plaintiff has submitted neither a statement of material facts as required by Local Civil Rule 56.1 nor a brief in opposition to Defendants' motion for summary judgment. Thus, the Court deems admitted all facts set forth in Defendants' statement of material facts. *See SEC v. Chester Holdings Ltd.*, 41 F. Supp. 2d 505, 516 n.7 (D.N.J. 1999). Plaintiff's failure to respond to Defendants' motion, however, does not automatically entitle Defendants to summary judgment on Plaintiff's claims. Rather, even where the non-moving party fails to respond, the Court may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); Fed. R. Civ. P. 56(e) ("If the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party."). Accordingly, the Court must analyze Plaintiff's claims and determine whether Defendants are entitled to judgment on those claims as a matter of law.

Construing Plaintiff's *pro se* complaint liberally, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), the Court finds that Cornelio states six claims for relief. Specifically, Plaintiff alleges that she is entitled to: (1) "6 months of insurance;" (2) "1 year of schooling paid by the union;" (3) "2 weeks of severance pay in the amount of $986.86;" (4) a "$100.00 deposit [plus interest] . . . given to the company for strike reasons;" (5) a "60 day WARN [A]ct closure payment;" and (6) unemployment benefits. Plaintiff, however, has presented no evidence in support of her claims, let alone established the existence of a genuine issue of material fact. As explained below, the Court concludes that Plaintiff's claims are without merit and grants Defendants' motion for summary judgment in its entirety.

    1. Non-payment of Accumulated Severance Pay

Cornelio contends that Defendants failed to provide her with all of the severance pay to which she is entitled. Because Plaintiff's right to severance payments derives from the Settlement Agreement, the Court need not look further than that agreement to resolve this claim. Pursuant to the terms of the Settlement Agreement, Cornelio was entitled to a total of sixteen weeks of severance payments at $457.37 per week. She does not dispute that she received all sixteen payments. Further, Plaintiff failed to identify any language in the Settlement Agreement entitling her to more than sixteen severance payments or a rate greater than $457.37 per week. Accordingly, the Court finds that Plaintiff's claims for additional severance pay are without merit.

    2. Insurance Coverage

In her complaint, Plaintiff alleges that she is entitled to six months of insurance coverage, but does not identify which Defendant is responsible for providing the coverage or the type of

coverage that is at issue. Neither the Labor Agreement nor the Settlement Agreement provide for continued insurance coverage for terminated employees from the Jersey City facility. Additionally, Defendants are not under a statutory obligation to provide any continued insurance coverage. Thus, contrary to Plaintiff's assertions, she is not entitled to six months of continued insurance coverage.

      3.  Education Benefits

Similarly, Plaintiff's claim that she is entitled to "1 year of schooling paid by the union" is without merit. Cornelio has failed to identify any provision in the Labor Agreement or Settlement Agreement—or any law for that matter—requiring Local 2179 to provide funds for her education. Therefore, the Court grants summary judgment on this claim in favor of Defendants.

      4.  Strike Fund Refund

Cornelio also claims that she is entitled to a "$100.00 deposit which was given to the [c]ompany for strike reasons which was [n]ever returned with interest." Ostensibly, Plaintiff is referring to the strike fund established by District 65, UAW ("District 65"), the predecessor union to Local 2179. Both District 65 and its strike fund, however, no longer exist and Cornelio has failed to establish any basis for a strike fund refund. Moreover, neither the Labor Agreement nor the Settlement Agreement require any such refund. As such, the Court finds that Plaintiff's claim for a strike fund refund is without merit.

      5.  WARN Act Payments

Next, Plaintiff asserts that Defendants owe her payments pursuant to the Workers Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.*, a federal

statute that requires employers to provide sixty days of notice prior to any plant closing or mass layoff.  The Act further provides that if an employer does not give the requisite notice it is liable for payment of back pay and back benefits.  *See* 29 U.S.C. § 2104(a).  In this case, CSC delivered notice to Local 2179 on March 21, 2005 that it intended to close its Jersey City facility.  The closing became effective on May 21, 2005, sixty days after CSC provided notice of the closing.  Thus, CSC complied with the WARN Act notice requirements and the Court finds that Plaintiff's claim that she is entitled to WARN Act payments lacks merit.

      6. Unemployment

Finally, Cornelio claims that she was not paid four weeks of unemployment benefits because of CSC's "irresponsibility."  In the State of New Jersey, the New Jersey Department of Labor ("NJDOL") administers unemployment benefits, and neither CSC or Local 2179 can be liable for any error in the payment or non-payment of Plaintiff's unemployment benefits.  To the extent that Plaintiff is entitled to unemployment benefits and did not receive them, she should raise this issue with the NJDOL.

### III. CONCLUSION

For the reasons expressed above, the Court grants Defendants' motion for summary judgment as to all counts in Plaintiff's complaint.


                                              /s/ Joel A. Pisano
                                              JOEL A. PISANO, U.S.D.J.

Dated: January 4, 2007